UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIAHUI WANG,<br><br>                                Petitioner,<br><br>                  v.<br>ACTING WARDEN FACILITY<br>ADMINISTRATOR OF THE<br>ADELANTO DETENTION<br>FACILITY et al.,<br><br>                                Respondents. | Case No. 5:26-cv-02639-MAR<br><br>ORDER ON PETITION FOR<br>HABEAS CORPUS |

## I.

## __INTRODUCTION__

On May 16, 2026, Jiahui Wang ("Petitioner"), by and through counsel, filed an Petition for Writ of Habeas Corpus ("Petition") by a Person in Federal Custody pursuant to 28 U.S.C. § 2241.  ECF Docket Nos. ("Dkt.") 1.  Petitioner argues her detention in Immigration and Customs Enforcement ("ICE") custody without a pre-deprivation hearing violates her Fifth Amendment due process rights, the Immigration and Nationality Act (INA) and the Accardi Doctrine.  Petitioner seeks

release. Id. at 21.[1] Respondents have filed an Answer. Dkt. 8. For the reasons set forth below, the Petition is **GRANTED**.

## II.

## **BACKGROUND**[2]

Petitioner is a national and citizen of China who arrived in the United States on July 30, 2024. Dkt. 1 ("Pet") at 5. Petitioner was apprehended by Respondents soon thereafter. Respondents "conducted a detailed examination of Petitioner and having found her not to be a flight risk, a security risk, or danger to anyone, paroled her and released her without conditions." Id. at 6; see Exs. C, D. As ordered, Petitioner appeared before ICE on 19 November 2024 and was enrolled in ICE's Intensive Supervision Appearance Program (ISAP) and placed on a formal order of recognizance (OREC). Id.; see Ex. E. Petitioner has applied for asylum. Id. On approximately December 9, 2025, Petitioner was arrested but no charges were pressed against her. Id. at 7.

On March 11, 2026, at a regularly scheduled ICE check in appointment Respondents re-detained Petitioner without a notice, an opportunity to respond, provide evidence, have the assistance of her retained immigration counsel, or be heard by a neutral adjudicator prior to deprivation of her liberty. Id.; see Ex. A. At the time, Petitioner maintained valid parole status. Id. at 7. Respondents arrested Petitioner and re-detained her without a written notice of violation or revocation of her parole and order of supervision and without an opportunity to rebut, or present evidence. Id.; see Ex. A. Petitioner was not allowed to post a bond, was not afforded either a pre- or post-deprivation hearing, and remains in custody. Id.

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.
[2] The background provided herein arises from the allegations in the Petition and attached exhibits, which Respondents do not contest. The Court considers the facts alleged by Petitioner to be undisputed and conceded for purposes of ruling on the Petition. See C.D. Cal. L.R. 7-12; Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950) (explaining that courts must assume undisputed facts alleged in a habeas petition are true).

On May 16, 2026, Petitioner filed the instant Petition. Petitioner asks the Court to order her immediate release; enjoin Respondents from re-detaining Petitioner without a proper finding that she has committed a violation of the conditions of release or bond; order Respondents to reinstate Petitioner's parole and OREC on the same conditions that existed prior to her re-detention until the purpose of the parole has been fulfilled or Respondents comply with the applicable regulations for terminating parole and conditions of release; and order Respondents not to revoke Petitioner's grant of release without providing prior written notice, an opportunity to respond, and an opportunity to be represented by counsel prior to deprivation of liberty when Petitioner is not yet subject to a final order of removal. Id. at 20–21.

Respondents filed an answer on May 26, 2026. Dkt. 8, Answer. Respondents argue that Petitioner was taken into custody on March 11, 2026 "following violations of the terms of her release including an arrest for prostitution" and also argue that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz." Id. Petitioner filed a reply. Dkt. 9, Reply. Thus, the matter stands submitted.

The Court finds that Petitioner's detention—without any meaningful pre-deprivation notice or an opportunity to be heard—violates due process. Accordingly, the Court orders that the Petition be granted and a writ of habeas corpus be issued requiring Petitioner's immediate release and preventing her re-detention absent pre-deprivation notice and a hearing.

## III.

## LEGAL STANDARD

A district court may grant a writ of habeas corpus when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or

3

treaties of the United States.' ").  In federal habeas proceedings, the petitioner bears the burden of proving his case by a preponderance of evidence.  Lambert v. Blodgett, 393 F.3d 943, 970 n.16 (9th Cir. 2004); Bellew v. Gunn, 532 F.2d 1288, 1290 (9th Cir. 1976) (citations omitted).

## IV.

## DISCUSSION

Consistent with recent decisions by this District and others, the Court finds that Petitioner's re-detention—without notice or a meaningful opportunity to be heard—violates procedural due process.

**A.   8 U.S.C. § 1182(d)(5)(A)**

Petitioner is a noncitizen who, at the time of his detention, had been present in the United States for two years, after entering the United States lawfully and being released from Respondents' custody pursuant to 8 U.S.C. § 1182(d)(5)(A).  See Answer at 9.  Pursuant to 8 U.S.C. § 1182(d)(5)(A) ("§ 1182(d)(5)(A)"), "[t]he Secretary of Homeland Security may, … in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States," with exceptions not applicable here.  "[S]uch parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States."  Id.

Termination of parole is governed by § 212.5(e), which states in relevant part:

(1) Automatic.  Parole shall be automatically terminated without written notice (i) upon the departure from the United States of the alien, or, (ii) if not departed, at the expiration of the time for which parole was authorized, and in the latter case the alien shall be processed in accordance with paragraph (e)(2) of this section except that no written notice shall be required.

4

> (2)(i) On notice.  In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole.  …

8 C.F.R. § 212.5(e)(1)–(2)(i).

## B. DUE PROCESS

The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  Demore v. Kim, 538 U.S. 510, 523 (2003) (citing Reno v. Flores, 507 U.S. 292, 306 (1993)).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  Zinermon v. Burch, 494 U.S. 113, 127 (1990).

In several recent decisions, courts in this District have found that immigration authorities violated or likely violated due process by re-detaining noncitizens who had been released shortly after their entry to the United States without notice or an opportunity to be heard.  See Cruz v. Lyons, et al., No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025) at Dkt. 12 (granting TRO ordering release of noncitizen who had been paroled into the United States and was re-arrested at appointment with United States Citizenship and Immigration Services); Yataco v. Warden, Adelanto Det. Facility, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), adopted, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). See also M.V.F. v. Santacruz, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the familiar Mathews v. Eldridge framework, which considers: (1) the private interest at stake; (2) the risk of erroneous deprivation; and (3) the Government's interest.  Mathews, 423 U.S. at 335.

**B.    ANALYSIS**

The Court finds that having been previously released on parole, Petitioner has a protected liberty interest in remaining free from detention.  See Garcia v. Noem, No. 25-CV-3759-LL-BLM, 2026 WL 194745, at *2 (S.D. Cal. Jan. 26, 2026); Hurd v. D.C., Gov't, 864 F.3d 671, 683 (D.C. Cir. 2017) ("a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."). While Respondents argue that Petitioner violated conditions of her release, "[e]ven individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (citations omitted). Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the ... conditions [of release].' " Garcia, 2026 WL 194745, at *2 (citing Pinchi, 792 F. Supp. 3d at 1032); Morrissey v. Brewer, 408 U.S. 471, 482 (1972).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before they can be deprived of that interest. See Mathews v. Eldridge, 424 U.S. 319, 334–35 (1976).  To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court considers the following factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural

safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

The Court finds that all three factors support a finding that the government's arrest of Petitioner without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights. See Garcia, 2026 WL 194745, at *3. First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to her parole. See Pinchi, 792 F. Supp. 3d at 1032 ("Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." (citations omitted)); See Cruz, No. 5:25-cv-02879, Dkt. 12 at 6; Yataco, 2025 WL 4065463, at *1; C.A.R.V. v. Wofford, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); Fernandez Lopez v. Wofford, No. 1:25-cv01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four years" of parole). See also Manzanarez v. Bondi, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance). Freedom from imprisonment is at the "core of the liberty protected by the Due Process Clause." See Hernandez, 872 F.3d at 993 (quoting Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).

With respect to the second Mathews factor, the Court finds that "[t]here is an unacceptably high risk that the government would erroneously deprive— or already has erroneously deprived—Petitioner of his liberty interest absent a pre-detention hearing." Cruz, No. 5:25-cv-02879, Dkt. 12 at 7. Petitioner was paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), which requires that she be notified, in writing, of the reasons for revocation of her parole. 8 C.F.R. § 212.5(e)(1)–(2)(i). Petitioner was not provided with written notice of the termination of her parole and

an opportunity to be heard before she was re-detained, as required by 8 C.F.R. § 212(e)(2). Respondents have not identified any evidence to suggest the purpose for which parole was authorized (i.e., release on humanitarian grounds while Petitioner's Asylum Application was pending) has been accomplished, or that a qualifying official has determined that neither humanitarian reasons nor public benefit warrant Petitioner's continued presence in the United States, as required under 8 C.F.R. § 212.5(e)(2).

Accordingly, the court finds the risk of an erroneous deprivation of Petitioner's liberty interest was substantial based on Respondents' failure to comply with the procedural requirements of the INA and associated federal regulations when he was arrested, had his parole revoked, and was re-detained.

Third, the government's interest in detaining Petitioners without notice, reasoning, and a hearing is low. See Pinchi, 792 F. Supp. 3d at 1036 ("[T]he government has articulated no legitimate interest that would support arresting [petitioner] without a pre-detention hearing."); Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); Cruz, No. 5:25-cv-02879, Dkt. 12 at 7 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." Hernandez, 872 F.3d at 994. Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]" Sun v. Santacruz, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (quoting Doe v. Becerra, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." Singh v. Andrews, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025). There is no indication that providing proper notice, reasoning, and

a pre-deprivation hearing would be fiscally or administratively burdensome on the government.  See Garcia, 2026 WL 194745, at *3.

While Respondents mistakenly allege that Petitioner appears to be a member of the Maldonado Bautista bond eligible class and that the remedy should be limited to a hearing, "an increasing wave of district courts have concluded[] [that] a post-hoc bond hearing cannot support [a] [p]etitioner's continued detention when the underlying arrest, revocation of parole, and re-detention were in violation of [the] [p]etitioner's due process rights and, thus, invalid." Orellana, Rivera v. J. Johnson, 2026 WL 1390433, at *1 & n.2 (C.D. Cal. May 14, 2026) (citing Mumaev v. Semaia, 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026); Charaf v. Rios, 2026 WL 1270754, at *1 (C.D. Cal. May 5, 2026); Morales v. U.S. Immigr. and Customs Enf't, 2026 WL 1026234 (C.D. Cal. Apr. 15, 2026); Osmel v. D. Marin, 2026 WL 1209477, at *3 (C.D. Cal. Apr. 29, 2026); Singh v. Janecka, 2026 U.S. Dist. LEXIS 95798, at *16–17 (C.D. Cal. Apr. 29, 2026)).  A post-detention hearing "is no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." Gonzalez v. Joyce, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025), appeal withdrawn sub nom. Gonzalez v. Noem, No. 26-237, 2026 WL 1211500 (2d Cir. Feb. 17, 2026).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that the Government's lack of constitutionally-adequate procedures has resulted in her unnecessary detention, and the Government's interest in refusing to provide such process is minimal.  The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process.  See, e.g., Sanchez, 2025 WL 2770629, at *4 (finding the petitioner's parole was revoked without notice and a hearing and without a showing of a change of circumstances, thus violating her due process rights and rendering her

detention unlawful); Garcia, 2026 WL 194745, at *3 (same); Mumaev, 2026 WL 530765 (same).

### 3. Remedy

The Supreme Court has repeatedly emphasized that "[h]abeas is at its core a remedy for unlawful executive detention," and "[t]he typical remedy for such detention is, of course, release." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citing Preiser v. Rodriguez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."))

The Ninth Circuit has similarly held that "the purpose of habeas remedies is to 'put the [petitioner] back in the position he would have been in if the [constitutional] violation never occurred.'" Lujan v. Garcia, 734 F.3d 917, 935 (9th Cir. 2013) (quoting Nunes v. Mueller, 350 F.3d 1045, 1057 (9th Cir. 2003)); accord Chioino v. Kernan, 581 F.3d 1182, 1184 (9th Cir. 2009). Thus, "[a]s has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioner placed in the position he would have been absent the due process violation—that is, he should be released from custody on the conditions that were initially imposed." Iurii Mazurov v. Desert Annex Det. Facility, No. 5:26-CV-02236-BFM, 2026 WL 1365164, at *4 (C.D. Cal. May 8, 2026) (citing cases); see also Changoluiza Corrales v. D. Marin, No. EDCV 26-01716-KK-RAOX, 2026 WL 1047934, at *6 (C.D. Cal. Apr. 15, 2026) (citing Pablo Sequen v. Albarran, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. 2025)); Morales v. U.S. Immigr. & Customs Enf't, No. 5:26-CV-01404-DOC-MAR, 2026 WL 1026234, at *7 (C.D. Cal. Apr. 15, 2026) ("join[ing] numerous of its sister courts in finding that Petitioner's detention is unlawful" due to unlawful parole revocation and ordering release notwithstanding prior TRO providing a bond hearing and collecting cases); Gutierrez v. Semaia, No. 5:26-CV-01181-HDV, 2026 WL 916773, at *2 (C.D. Cal. Mar. 27, 2026); Domingo v. Kaiser, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) (similar). As one court in this

District has aptly put it, "[t]he Court must heed the language in Mathews that '[a] claim to a predeprivation hearing as a matter of constitutional right rests on the proposition that full relief cannot be obtained at a postdeprivation hearing.'" Villegas Molina v. Mullin, No. 2:26-CV-04091-MWC-SP, 2026 WL 1182194, at *3 (C.D. Cal. Apr. 23, 2026) (quoting Mathews, 424 U.S. at 331).

Accordingly, the Court finds that Petitioner's re-detention was unlawful, orders his forthwith release, and enjoins the Government from re-detaining Petitioner absent notice and an opportunity to be heard with his counsel present.

Finally, the Court notes that Petitioner also requested an award of reasonable attorney's fees and costs under the EAJA. The Court will consider an application under the EAJA that is filed within 30 days of entry of final judgment in this action. See Rahimi v. Semaia, 2026 WL 246066, at *3 (C.D. Cal. Jan. 27, 2026) ("The Court will consider an application requesting costs and reasonable attorney's fees under the EAJA that is filed within 30 days of final judgment in this action.").

## IV.

## <u>ORDER</u>

**IT IS THEREFORE ORDERED**:

(1) the Petition is **GRANTED**;

(2) Respondents are **ORDERED** to immediately release Petitioner **Jiahui Wang (A-Number 249-135-159)** from custody subject only to the conditions of her preexisting parole;

(3) Respondents are **ORDERED** to reinstate Petitioner's parole and OREC on the same conditions as existed prior to the unlawful re-detention, until the purpose of the parole has been fulfilled or Respondents comply with the applicable regulations for terminating parole and conditions of release;

(4) Respondents are **ORDERED** to return all of Petitioner's belongings, including her identification documents, work authorization documents, and other possessions;

(5) Respondents are **ORDERED** to file a statement within one business day of Petitioner's release, attesting to Respondents' compliance with this Order;

(6) Respondents are **ORDERED** to not re-detain Petitioner without providing prior written notice, an opportunity to respond, and an opportunity to be represented by counsel prior to deprivation of liberty when the Petitioner is not yet subject to a final order of removal.

Dated:  June 4, 2026

_____

HONORABLE MARGO A. ROCCONI
United States Magistrate Judge

12